# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1697V

| | |
|---|---|
| CASSIDY VIBE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 31, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On October 2, 2023, Cassidy Vibe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of tetanus-diphtheria-acellular pertussis and/or influenza vaccinations administered to her on February 11, 2022. Petition at 1. On February 6, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $28,443.92 (representing $27,148.00 in fees plus $1,295.92 in costs). Motion for Attorney's Fees, filed on May 5, 2025. ECF No. 32. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. *Id.* at 2.

Respondent reacted to the motion on May 13, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2, 4, ECF No. 33. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 34.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by attorneys Leah Durant, Christopher Williams, Richard Amada, and their supporting paralegals through the end of 2024, are reasonable and consistent with our prior determinations and will therefore be adopted. However, the proposed hourly rate of $475.00 for 2024, and $508.00 for 2025, billed by Elizabeth Vitt, and the rate of $550.00 for 2025 time billed by Ms. Durant require further evaluation and adjustment.

Attorney Durant was previously awarded the *lesser* rates of $530.00 for work performed in 2025. *See Jackman* v. *Sec'y of Health & Hum. Servs.,* No. 23-1749, Slip Op. 36 (Fed. Cl. Spec. Mstr. June 24, 2025). I find no reason to deviate from such reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Ms. Durant's rate for work performed in 2025 to be consistent with the aforementioned decision. **Application of the foregoing reduces the amount of fees to be awarded by $<u>130.00</u>**.[3]

Attorney Elizabeth Vitt has been a licensed attorney since 2006, placing her in the range of attorneys with 11-19 years' experience based on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[4] I incorporate by reference all of the explanatory notes contained in these rate schedules.

Although her proposed rate of $475.00 in 2024, and $508.00 in 2025, falls within the relevant experience range provided in these ranges for similarly-situated attorneys, I find her specifically-requested rates to be excessive based on her lack of experience representing petitioners in the Vaccine Program. *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate:

---

[3] This amount consists of reduce Leah Durant's 2025 hourly rate and is calculated as follows ($550.00 - $530.00 = $20.00 x 6.50 hours billed) = $130.00 in fees to be reduced.

[4] The OSM Attorneys' Fee Schedule is available at; https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

3

experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Additionally, Ms. Vitt only recently admitted to this Court as of October 2024; therefore, improper for her to receive hourly rates on the higher end of the experience ranges, when those rates are reserved for attorneys who also have lengthy experience representing petitioners in the Vaccine Program. Thus, based on the factors relevant to determining proper hourly rates for Vaccine Program attorneys, I find that a rate of **$430.00** is appropriate for Ms. Vitt's time in 2024, and **$460.00** is appropriate for her time in 2025. **Application of the foregoing reduces the fees to be awarded by $855.90**.[5]

## ATTORNEY'S COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 38-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$27,458.02 (representing $26,162.10 in fees plus $1,295.92 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[5] This amount consists of reducing Elizabeth Vitt's 2024 & 2025 hourly rates and is calculated as follows: ($475.00 - $430.00 = $45.00 x 15.50 hours billed) + ($508.00 - $460.00 = $48.00 x 3.30 hours billed) = $855.90 in fees to be reduced.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.